IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 2 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-500-A |
| | § | (NO. 4:12-CR-081-A) |
| KIM CURRY | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Kim Curry ("movant")
pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence. Having reviewed the motion, the record, the
government's response, movant's reply, and applicable legal
authorities, the court concludes that the motion should be
denied.

I.

Background

On June 7, 2012, movant pleaded guilty, pursuant to a plea
agreement, to possession of access device-making equipment in
violation of 18 U.S.C. §§ 1029(a)(4) & (c)(1)(A)(ii). On October
12, 2012, the court sentenced movant to a term of imprisonment of
100 months, to be followed by a three-year term of supervised
release. Movant did not file a direct appeal. Movant timely
filed her § 2255 motion on June 19, 2013.

II.

## Grounds of the Motion

Movant identified five grounds for relief in her motion: (1) the court made errors in computing movant's offense level; (2) the court made errors in computing movant's criminal history; (3) the court improperly applied a four-level enhancement because the offense involved less than fifty victims; (4) counsel was ineffective for failing to conduct adequate pretrial investigation and failing to cross examine a witness for the prosecution; and (5) the court improperly applied a fourteen-level enhancement because the evidence was insufficient to support the intended loss amount of $597,000 attributed to her. Mot. at 5-6, 8.

In her reply, movant also appears to claim that her attorney was ineffective for (1) failing to object to "other claims in the PSR along with the weakest one stated in PSR;" (2) intimidating movant by telling her that the judge was difficult and that an offender had tried to plot to assassinate the judge; (3) failing to advise movant of her rights; (4) failing to file a motion to return seized property; and (5) failing to file a motion for downward departure, under the sentencing guidelines, for assisting authorities. Reply at 7-10. The grounds from the

motion and reply essentially fall into two types of claims: (1)
errors in sentencing calculations and (2) ineffective assistance
of counsel.

### III.

### Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant
can challenge her conviction or sentence after it is presumed
final on issues of constitutional or jurisdictional magnitude
only, and may not raise an issue for the first time on collateral
review without showing both "cause" for her procedural default
and "actual prejudice" resulting from the errors.  Shaid, 937
F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice. United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

3

habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974).

B.   Sentencing Calculation Claims

In grounds one and two, movant contends that the court erred in computing her offense level and her criminal history.  Mot. at 5.  In ground three, movant challenges the four-level enhancement under USSG § 2B1.1(b)(2)(B), claiming that the offense involved less than fifty victims.  Id.  In ground five, movant also challenges the fourteen-level enhancement under USSG § 2B1.1(b)(1)(H), asserting that the evidence was insufficient to support the intended amount of loss of $597,000 attributed to her at sentencing.  Id. at 8.

Movant's claims of error in the calculation of her sentence are not cognizable in collateral proceedings.  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and misapplications of the sentencing guidelines are not cognizable on collateral review.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).  Therefore, each of movant's sentencing calculation claims must fail.

C.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for her attorney's errors, she would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59

5

(1985). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

    1.   <u>First Claim</u>

In movant's fourth ground for relief, movant contends that her attorney was ineffective for failing to conduct a pretrial investigation. However, movant fails to provide any explanation as to what her attorney should have investigated, what facts or evidence her attorney did not investigate, and what difference such an investigation would have made to the outcome of the sentencing proceeding or to movant's decision to plead guilty. <u>See</u> <u>Hill</u>, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."); <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Movant fails to provide any facts

6

at all that could demonstrate that her attorney's investigation was anything other than objectively reasonable. Therefore, movant's conclusory allegation cannot satisfy the Strickland standard for ineffective assistance of counsel.

    2.   Second Claim

In movant's fourth ground for relief, movant also contends that her attorney was ineffective for failing to cross-examine a witness for the prosecution during sentencing phase. In her reply, movant specifies that Agent Yi is the witness her attorney failed to cross-examine. Movant claims that she gave information to Agent Yi and was told by counsel that doing so would help her case. Movant also states that she was told by counsel that Agent Yi's wife's information had been stolen and Agent Yi was trying to determine if Movant's co-defendant was involved. Movant admits that neither the prosecution nor the defense called Agent Yi to testify, and so movant's counsel never had the opportunity to cross-examine Agent Yi. Therefore, the court notes that movant's contention is really that her attorney failed to call a witness, not that her attorney failed to cross-examine a witness, as the witness was never available for cross-examination.

The Fifth Circuit has explained that "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely

7

speculative." <u>Evans v. Cockrell</u>, 285 F.3d 370, 377 (5th Cir.
2002) (citing <u>Sayre v. Anderson</u>, 238 F.3d 631, 635-36 (5th Cir.
2001)). Further, to establish that counsel was ineffective for
failing to call favorable witnesses, movant "must show not only
that this testimony would have been favorable, but also that the
witness would have testified at trial." <u>Alexander v. McCotter</u>,
775 F.2d 595, 602 (5th Cir. 1985). "Where the only evidence of a
missing witness's testimony is from the defendant, this Court
views claims of ineffective assistance with great caution."
<u>Sayre</u>, 238 F.3d at 636 (quoting <u>Lockhart v. McCotter</u>, 782 F.2d
1275, 1282 (5th Cir. 1986)).

Movant provides no facts and no evidence that can establish
that her attorney was deficient or that movant was prejudiced by
her attorney's failure to examine or call Agent Yi. Movant
argues only that Agent Yi was called to testify in her co-
defendant's sentencing proceeding and that "Agent Yi testified
there were over 2000 credit accounts stolen." Reply at 9.
Movant claims that if her counsel had examined Agent Yi, "there
would have been the same testimony." <u>Id.</u> However, even assuming
that Agent Yi's testimony would have been the same in movant's
sentencing proceeding, movant offers no explanation of how that
testimony, or any other testimony offered by Agent Yi, would have
made any difference in the outcome of the proceeding.

Accordingly, movant cannot meet the <u>Strickland</u> burden for
ineffective assistance of counsel on this claim.

    3.  <u>Third Claim</u>

Movant next contends that her attorney failed to object to
"other claims in the PSR along with the weakest one stated in
PSR." <u>Id.</u> at 8.  Movant does not make clear which claims in the
PSR she believes were objectionable, and why her attorney did not
object.  It is well-settled that the failure to make a frivolous
objection cannot constitute ineffective assistance of counsel.
<u>United States v. Preston</u>, 209 F.3d 783, 785 (5th Cir. 2000).
Movant also presents no facts and no evidence establishing that
the outcome of the sentencing proceeding would have been
different had movant's attorney made any additional objections.
Thus, movant's claim fails.

    4.  <u>Fourth Claim</u>

Movant claims that her attorney "intimidated" her before the
sentencing hearing by telling her that the judge was difficult
and that an offender had tried to plot to assassinate the judge.
Reply at 8.  However, movant alleges no facts and identifies no
evidence to support her contention.  Further, movant does not
explain how such "intimidation" could have affected the outcome
of the proceeding.  The Fifth Circuit "has made clear that
conclusory allegations of ineffective assistance of counsel do

not raise a constitutional issue in a federal habeas proceeding."

<u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

Accordingly, movant's claim fails.

    5.  <u>Fifth Claim</u>

Movant's next contention is that her attorney failed to advise movant of her rights, specifically that during sentencing phase her attorney "never advised movant she spoke on her behalf because she wanted courts to know of her remorse." Reply at 8. At movant's sentencing hearing, movant spoke to the court after the court advised her that she had the right to make a statement or presentation on the subject of mitigation. Sentencing Tr. at 5-7. In her statement, movant accepted responsibility and expressed remorse for her actions. <u>Id.</u> at 6. To the extent that movant claims her attorney did not advise her of her right to speak to the court in her own behalf, movant's contention is meritless because movant did make such a statement on her own behalf after being advised by the court of her right to do so. Movant has not identified any other rights she believes her attorney failed to advise her of, nor has she alleged any facts or identified any evidence to support her contention. Therefore, movant's claim fails.

6.   <u>Sixth Claim</u>

Movant contends that her attorney failed to file a motion to return seized property.  Movant does not specify what property she believes should have been returned, and why her attorney did not file the motion.  It is well-settled that failure to raise a frivolous motion or objection does not render counsel ineffective.  <u>Preston</u>, 209 F.3d at 785.  Movant also presents no facts and no evidence explaining what difference such a motion would have made to the outcome of the sentencing proceeding or to movant's decision to plead guilty.  Thus, movant's claim fails.

7.   <u>Seventh Claim</u>

Movant's final contention is that her attorney failed to file a motion for downward departure or downward variance, under 18 U.S.C. § 3553, for assisting authorities.  At movant's sentencing proceeding, the court concluded that movant's total offense level was 27; that her criminal history category was IV; and that the guideline advisory imprisonment range was 100 to 125 months.  Sentencing Tr. at 5.  Movant's attorney stated to the court that movant had been "completely forthright and cooperative with the government and [had] never impeded their investigation in any way."  <u>Id.</u>  Movant's attorney then requested that the court "consider the lower sentencing guidelines as appropriate."  <u>Id.</u>  After movant made her statement, the court accepted the

11

recommendation of movant's attorney and sentenced movant at the bottom of the advisory guideline range – a term of imprisonment of 100 months. Id. at 7-8.

Movant's attorney was not ineffective for failing to bring a motion for downward departure for assisting authorities under 18 U.S.C. § 3553. In fact, such motion must have been brought, if at all, by the government, not by movant's attorney. Section 3553(e) provides,

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. . . .

18 U.S.C. § 3553(e) (emphasis added). Further, USSG § 5K1.1 provides,

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. . . .

USSG § 5K1.1 (emphasis added). Therefore, movant's attorney could not have brought a valid motion for a downward departure for assisting authorities, and an attorney is not required to make a frivolous motion. See Preston, 209 F.3d at 785. Movant's attorney did ask the court to consider movant's assistance with the investigation, and the court so considered it when imposing

12

the sentence at the very bottom of the guideline range. Accordingly, movant has failed to demonstrate that her attorney was ineffective, and this claim must fail.

### IV.

#### Order

Therefore,

The court ORDERS that the motion of Kim Curry to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 22, 2013.

_____
JOHN McBRYDE
United States District Judge

13